UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDYN M. STEVENS,

    Plaintiff,

    v.                                       Case No. 22-C-1451

WILLIAM POLLARD, et al.,

    Defendants.

## ORDER

Plaintiff Brandyn M. Stevens, who is incarcerated at the New Lisbon Correctional Institution and representing himself, filed this civil rights lawsuit on December 5, 2022, along with his institution trust account statement and a letter regarding his trust account statement. Dkt. Nos. 1-3. In the letter, Plaintiff stated that he filed an almost identical lawsuit, *Stevens v. Ritchie et al.*, 22-C-958-JPS, that was dismissed on November 17, 2022 for failure to submit his trust account statement. Dkt. No. 3. Plaintiff stated that he timely requested his trust account statement but the institution's business office did not timely process the request. *Id*. He asked the Court to waive the $350 filing fee in this case based on the collection order in his closed case. *Id*. Plaintiff however did not submit a motion for leave to proceed without prepayment of the filing fee, so the Clerk's office sent a letter on December 6, 2022, directing him to do so by December 27, 2022. Dkt. No. 4.

On December 8, 2022, the Court entered an order explaining that the proper way to resolve the issue was for Plaintiff to file a motion for relief from judgment in his closed case. Dkt. No. 5. The Court then directed the Clerk's office to file Plaintiff's letter as a motion for relief from

judgment in that closed case. *Id*. The Court noted that, if Judge Stadtmueller granted the motion and reopened the case, the Court would close this case as duplicative and assess no filing fee. *Id*. If Judge Stadtmueller denied the motion and declined to reopen the case, then this case could proceed. *Id*.

On December 16, 2022, Judge Stadtmueller denied the motion for relief from judgment based on Plaintiff's failure to communicate with the Court. Accordingly, this case can proceed but Plaintiff must submit his motion for leave to proceed without prepayment of the filing fee and he must pay a second filing fee because the Court has no discretion under the Prison Litigation Reform Act to waive the filing fee in a case. *See* 28 U.S.C. §1915(b)(1)("[i]f a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee."). But before the Court proceeds with the case, the Court will give Plaintiff an opportunity to voluntarily dismiss this case at no cost to him. If Plaintiff wishes to do so, he must file a notice of voluntarily dismissal by January 10, 2023. If the Court does not hear from Plaintiff by the deadline above, the Court will proceed with this case, which may include assessment of an initial partial filing fee and a collection order for the remainder of the filing fee.

**IT IS THEREFORE ORDERED** that, on or before January 12, 2023, Plaintiff may voluntarily dismiss this case at no cost to him. If the Court does not hear from Plaintiff by the deadline above, the Court will proceed with this case, which may include assessment of an initial partial filing fee and a collection order for the remainder of the filing fee.

Dated at Green Bay, Wisconsin this 22nd day of December, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge